OPINION OF THE COURT
Bentley Kassal, J.
This is a motion by the defendant for summary judgment in the underlying declaratory judgment action.
The action involves a dispute between two group disability insurance carriers as to which one of them should be responsible for paying the claims of those employees who originally *535 became disabled while plaintiffs policy was in effect until June 30, 1976 and who suffered recurrence of the disability within six months of the prior disability but after the plaintiffs policy had terminated and the defendant’s policy was issued July 1, 1976. Defendant maintains that the plaintiff should be responsible for payment of such claims by reason of the language in plaintiffs policy which provides as follows:
"If a disability recurs as a result of the same or related cause or causes, it shall be deemed a continuation of the prior period of disability unless an intervening period of six months has elapsed in which event the subsequent period shall be deemed the result of a new sickness and subject to a new Elimination Period and Maximum Period Payable — Sickness.
"Termination of the policy or of an Insured Employee’s coverage for any reason shall be without prejudice to any claim originating prior to the date of termination.” (Italics added.)
In opposition, the plaintiff argues that the defendant’s policy did not exclude pre-existing conditions and that its coverage eligibility provisions specified that: "Each permanent full-time employee shall be eligible for insurance as of the later of July 1, 1976 (the date the policy took effect) and the date of his commencement of continuous service with the Employer”.
With the recurrent disability clause in the plaintiffs policy where the intervening period is less than six months, it is as though there were no intervening period and the plaintiff is responsible for payments the same as it would have been for a continuous disability. Such a recurrent disability accrues at the time of the injury or sickness which caused the prior disability. The defendant under its policy only obligated itself to pay long-term disability income benefits where the employee became totally disabled while insured under its policy.
Apparently, there are no cases in this jurisdiction which cover this situation. In addition to the foregoing, there are two pragmatic and cogent factors which are persuasive. First, if Continental’s policy had expired by reason of the agreed time period, namely, June 30, 1976, and if there was no successor insurance company, clearly Continental would be responsible for all recurring disability claims within the said six-month intervening period. Second, the consideration paid to an insurance company in this situation with a similar six-month intervening period includes the period of the insurance coverage plus six months thereafter for such valid recurring claims. *536 To permit Continental to escape this liability for which they received compensation would give Continental a windfall.
Accordingly, pursuant to CPLR 3212 (subd [b]), the defendant is granted summary judgment as against the plaintiff. The plaintiff is required to pay all claims for disability benefits made after July 1, 1976, by employees of Control Data Corporation previously covered by plaintiff’s policy who suffer a recurrent disability as a result of the same or related cause of causes as a prior disability which commenced before July 1, 1976, where the intervening period is less than six months.